UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

SAMMIE LEE JOHNSON,

        Defendant.
_____/

Case No. 1:05-CR-89-04

HON. RICHARD ALAN ENSLEN

**ORDER**

This matter is before the Court on Defendant Sammie Lee Johnson's Motion in *Limine* to exclude the use of certain proposed evidence. Defendant requests the court bar admittance of evidence of an alleged distribution of an imitation controlled substance on or about February 20, 1991, and evidence of an alleged seizure of $880.00 from the Defendant on December 17, 2000. (Def.'s Mot. at 1.)

The Court exercises discretion over matters involving the admissibility and relevancy of evidence at trial. *United States v. Seago*, 930 F.2d 482, 494 (6th Cir. 1991). The preferred method for doing so is, as in this case, by rulings in advance of trial so as to save court resources, permit an efficient presentation of proofs to the jury, and avoid jury prejudice. *See* Fed. R. Evid. 103.

Evidentiary rulings depend in large part on the trial court's assessment of the relevance of the proffered evidence and the extent of any prejudice caused by its admission. Under Federal Rule of Evidence 401, "relevant evidence" is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Under Federal Rule of Evidence 403, relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair

prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

Federal Rule of Evidence 404(b) states, in relevant part, that: "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . ." In determining whether other acts evidence under Rule 404(b) is admissible, the Sixth Circuit has set forth a three-part test:

> *First,* the district court must decide whether there is sufficient evidence that the other act in question actually occurred.  *Second,* if so, the district court must decide whether the evidence of the other act is probative of a material issue other than character.  *Third,* if the evidence is probative of a material issue other than character, the district court must decide whether the probative value of the evidence is substantially outweighed by its potential prejudicial effect.

*United States v. Jenkins*, 345 F.3d 928, 937 (6th Cir. 2003) (citing *United States v. Haywood*, 280 F.3d 715, 719-20 (6th Cir. 2002)).

Plaintiff's Response indicates that it will not seek to offer evidence of the alleged distribution of an imitation controlled substance on or about February 20, 1991.  Therefore, the Court will deny Defendant's request as moot.[1]

The Court will not address the proposed evidence of a seizure of $880.00 from Defendant on or about December 17, 2000.  Upon review, the Court determines that such evidence is admissible.  The first part of the test under Rule 404(b) is satisfied because Plaintiff has indicated

---

[1] However, should Plaintiff seek to introduce evidence of distribution of an imitation controlled substance on or about February 20, 1991, the Court will entertain a renewed Motion by Defendant to exclude such evidence.

that there are police reports of the seizure and forfeiture, and said reports have been provided to Defendant.

The proposed evidence also meets the second requirement set forth by the Sixth Circuit. In *United States v. Trujillo*, 376 F.3d 593 (6th Cir. 2004), the Sixth Circuit held that "Rule 404(b) evidence [is] admissible for proper purposes other than propensity, including. . . . unexplained wealth." *Id.* at 605-06 (emphasis added). Defendant has offered no explanation of a legitimate explanation for his possession of $880.00 in cash at the time of the seizure. Additionally, the alleged seizure occurred within the time period of the alleged conspiracy. *See, e.g., United States v. Okayfor*, 996 F.2d 116, 119-20 (6th Cir. 1993). Therefore, the Court determines that the proposed evidence is probative of a material issue other than character.

As to the third step of the Rule 404(b) analysis, based on the current record the Court finds no reason to believe that the probative value of the alleged seizure would be substantially outweighed by the prejudicial effect. For those reasons, the Court determines that the proposed evidence of the seizure of $880.00 from the Defendant on December 17, 2000 is admissible.

**THEREFORE, IT IS HEREBY ORDERED** that Defendant Sammie Lee Johnson's Motion *in Limine* (Dkt. No. 50) is **DENIED**.

DATED in Kalamazoo, MI:  /s/ Richard Alan Enslen
July 18, 2005                       RICHARD ALAN ENSLEN
                                    UNITED STATES DISTRICT JUDGE